**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JASON PARKER,

    Plaintiff,

       v.

C/O CHIAO, *et al.*,

    Defendants.

CIVIL ACTION NO. 3:15-CV-2374

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SCHWAB)

**MEMORANDUM ORDER**

Presently before me is the Report and Recommendation of Magistrate Judge Schwab (Doc. 14) with respect to a motion for leave to proceed *in forma pauperis* (Doc. 8) filed by Plaintiff Jason Parker. Magistrate Judge Schwab recommends that Plaintiff's motion be denied and that his complaint be dismissed without prejudice to Plaintiff re-filing the complaint if he pays the requisite filing fee. Because I agree that Plaintiff is not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), I will adopt the Report and Recommendation in full. Plaintiff's motion will be denied and his complaint will be dismissed without prejudice.

### I. Legal Standard

Where objections to the Magistrate Judge's Report and Recommendation are filed, the district court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(C)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749

F.2d at 7.  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985).  At the very least, the court should review uncontested portions for clear error or manifest injustice.  *Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

## II. Background

On December 11, 2015, Plaintiff filed a complaint against sixteen (16) individuals employed at the State Correctional Institution at Frackville.  (Doc. 1.)  On that same day, Plaintiff also filed a motion for leave to proceed *in forma pauperis*.  (Doc. 2.)  However, when filing his application, Plaintiff used a form from the Eastern District of Pennsylvania. He later corrected this error and filed the application used by this Court on December 29, 2015.  (Doc. 8.)  On May 2, 2016, Magistrate Judge Schwab issued the instant Report and Recommendation, recommending that Plaintiff's application be denied and that his complaint be dismissed without prejudice to him re-filing it with the requisite filing fee.  (Doc. 14.)

## III. Discussion

The purpose of the federal *in forma pauperis* statute is to "ensure that indigent litigants have meaningful access to the federal courts."  *Ball v. Famiglio*, 726 F.3d 448, 451 (3d Cir. 2013).  Thus, federal courts may "authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1).  However, to ensure that this provision does not result in the "tide of substantively meritless" claims from prisoners, Congress enacted the Prison Litigation Reform Act in 1996.  *Ball*, 726 F.3d at 452 (citation and internal quotation marks omitted).  This includes a "three strikes" provision, which provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the

grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he is not entitled to proceed *in forma pauperis* under the statute, unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Nothing in this provision blocks a prisoner's access to the federal courts; it only "denies the prisoner the privilege of filing before he has acquired the necessary filing fee." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001) (en banc).

Magistrate Judge Schwab recommends that Plaintiff's motion be denied because he falls within the scope of this "three strikes" rule. (Doc. 14, at 5-6.) For example, on March 18, 2015, Judge Goldberg, of the United States District Court for the Eastern District of Pennsylvania, dismissed with prejudice a complaint filed by Plaintiff for failure to state a claim. *See Parker v. Nutter, et al.*, 2:14-cv-07113 (E.D. Pa.) (Doc. 2). Judge Goldberg similarly dispensed with two (2) other cases filed by Plaintiff in September of 2015. *See Parker v. O'Connor, et al.*, 2:15-cv-03475 (E.D. Pa.) (Docs. 14 & 15) (Sept. 17, 2015) (dismissing Plaintiff's complaint with prejudice as "frivolous, malicious, and for failure to state a claim"); *Parker v. Montgomery Cty. Corr. Facility, et al.*, 2:15-cv-04205 (E.D. Pa.) (Docs. 6 & 7) (Sept. 17, 2015) (dismissing Plaintiff's complaint with prejudice for failure to state a claim). Given Plaintiff's record of filing cases that have been dismissed as frivolous and for failure to state a claim, he falls within the "three strikes" rule.[1] Plaintiff has not objected to this portion of the Report and Recommendation.

However, Plaintiff appears to suggest that he falls within an exception to the "three strikes" rule. A prisoner may circumvent this rule if, at the time the action is filed, he or she is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g);

---

[1]     Noting that Plaintiff had "three strikes" under Section 1915(g), Judge Goldberg also denied Plaintiff *in forma pauperis* status in December of 2015. *See Parker v. Shutter, et al.*, 2:15-cv-05429 (E.D. Pa.) (Doc. 2) (Dec. 22, 2015).

*Abdul-Akbar*, 239 F.3d at 314.  However, Plaintiff fails to meet this exception.  In his motion for leave to proceed *in forma pauperis*, Plaintiff failed to indicate whether he was seeking relief while "under imminent danger of serious physical injury."  (Doc. 8, at 2.) Noting this in her Report and Recommendation, Magistrate Judge Schwab stated that Plaintiff failed to meet this exception and recommended that his motion be denied.

On May 23, 2016, Plaintiff filed a document with this Court entitled "Application for Imminent Danger."  (Doc. 15.)  On May 27, 2016, I issued an Order explaining that this document is not authorized by the Federal Rules of Civil Procedure.  (Doc. 16.) However, I did review the document and found that there was no allegation of imminent danger and that it did not warrant the granting of any relief.  (*Id.*)  I further noted that because this document was filed within the time allotted for objections to the Report and Recommendation, I would consider this document as Plaintiff's objections.  (*Id.*)

As explained in my Order (Doc. 16) and by Magistrate Judge Schwab in her Report and Recommendation, Plaintiff fails to allege any danger that is imminent for him to fall within the exception to the "three strikes" rule.  Rather, the events about which Plaintiff complains are a variety of adverse events that could occur in the event other things occur.  He also does not allege that they will occur on any sort of imminent basis. Plaintiff's Complaint similarly lacks any allegation of imminent physical injury.  He merely alleges that the defendants ordered him to end a phone conversation.  (Doc. 1, at 3.) Because Plaintiff has accumulated at least three "strikes" under Section 1915(g) and because he fails to meet the imminent danger exception to this "three strikes" rule, his motion for leave to proceed *in forma pauperis* will be denied.  Plaintiff's complaint will be dismissed without prejudice to him re-filing his complaint with the requisite filing fee.

### IV. Conclusion

For the above stated reasons, Plaintiff's motion for leave to proceed *in forma pauperis* will be denied and his complaint will be dismissed without prejudice.

4

**NOW**, this 17th day of June, 2016, **IT IS HEREBY ORDERED** that Magistrate Judge Schwab's Report and Recommendation (Doc. 14) is **ADOPTED** in its entirety.  Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 8) is **DENIED**.  Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** to Plaintiff re-filing the Complaint with the required filing fee.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge